# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVI CHALLENGER, | Civil No. 3:23-cv-158 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, FCI-ALLENWOOD, | |
| Respondent | |

## MEMORANDUM

### I. Background

On January 30, 2023, Petitioner Levi Challenger ("Challenger"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he was entitled to 92 days of credit towards his sentence. (Doc. 1). In response, Respondent filed a suggestion of mootness informing the Court that Challenger has received the requested relief and has been released from the custody of the Bureau of Prisons ("BOP"). (Doc. 7). As a result, Respondent argues that the habeas petition is moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

### II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to

exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey*, 556 F.3d at 146-50.

In the present case, Challenger sought the award of additional jail credits and requested immediate release from custody. Challenger was released from BOP custody on February 7, 2023. (*See* Doc. 7-1). As Challenger has received the requested relief, he no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Challenger with any meaningful relief in this habeas matter, and his challenge is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 14, 2023